UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

SILVIA MARTINEZ,

              Plaintiff,             **MEMORANDUM & ORDER**
                                    24-CV-707 (EK)(LKE)
           -against-

TUSK, LTD.,

              Defendant.

------------------------------------x
ERIC KOMITEE, United States District Judge:

       Plaintiff Silvia Martinez is visually impaired.  She alleges that when she tried to buy a leather satchel from Tusk.com, the retail website presented accessibility barriers that prevented her from checking out.  She brings disability-discrimination claims under the Americans with Disabilities Act and the New York City Human Rights Law.

       Tusk now moves for summary judgment on all claims.  It argues, among other things, that Martinez has failed to establish that she meets the requirements for Article III standing and, even if she did, Tusk's stand-alone website is not a "place of public accommodation" covered by the ADA.

       For the reasons that follow, the case is dismissed for lack of jurisdiction.

## I.   Background

The following facts are drawn from the parties' Local Rule 56.1 statements and the exhibits appended to their summary judgment papers.  Unless otherwise noted, the facts discussed below are undisputed.  When the Court cites only one party's Rule 56.1 statement, it is because the opposing party "either [has] not disputed those facts or has not done so with citations to admissible evidence."  *Kirbaran v. Target Corp.*, 720 F. Supp. 3d 267, 271 n.2 (S.D.N.Y. 2024) (citing *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003)).[1]

Silvia Martinez is a visually impaired individual living in Brooklyn, New York.[2]  She uses the "JAWS" screen-reading software to access the Internet.  Martinez Tr. 13:6-16, ECF No. 23-1.  She was shopping for a satchel and encountered the website of Tusk, a leather goods company, through a Google search.  *Id.* at 15:23-16:6.  After visiting Tusk's website twice in January 2024, she found a satchel that she wanted to buy and added it to her shopping cart.  *Id.* at 19:14-21.  She was unable

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

[2] Martinez is a frequent filer.  The defendant points out that Martinez filed fifty-one different ADA cases from September 2023 to April 2024, all using similar boilerplate allegations.  *See* ECF No. 23-3 (plaintiff's PACER history).  The Court takes judicial notice of these filings. *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (permitting "judicial notice of relevant matters of public record").

to check out.  *Id.* at 22:13-23:6.  The parties dispute whether she was actually unable to check out *because of* any accessibility barrier.  Martinez, for her part, does not explain why she was able to locate the satchel and place it in her digital cart, on the one hand, but not able to check out, on the other.  She testified that she "assum[ed]" that accessibility barriers were the reason for that inability.  *See id.* at 23:7-24:12 (Question: "So you're just assuming it was a technical difficulty that persisted over two days?"  Answer: "Correct."); Pl.'s Rule 56.1 Resp. ¶ 13, ECF No. 26.[3]  Regardless, a friend ultimately bought Martinez a Michael Kors satchel "similar to" the one she wanted, Martinez Tr. 14:6-9, 15:10-22, and she has not visited Tusk's website since.  *Id.* at 24:14-16.

Martinez brings a putative class action against Tusk for a violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(a); a violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(4); and declaratory judgment.  Compl. ¶¶ 65-88, ECF No. 1.  She seeks injunctive and declaratory relief.

---

[3] In its Rule 56.1 statement, Tusk writes that Martinez "was unable" to complete her purchase, but the company disputes that any accessibility barrier caused that inability.  Def.'s Rule 56.1 Statement ¶ 11, ECF No. 22. Martinez disagrees, but points to no evidence of actual accessibility barriers other than her (vague) testimony.  Pl.'s Rule 56.1 Resp. ¶ 13.  (She also points to her complaint, Pl.'s Br. 3-4, ECF No. 25, but that is of course not cognizable evidence at summary judgment.  *See Bustamante v. KIND, LLC*, 100 F.4th 419, 432 (2d Cir. 2024).)

## II.  Legal Standard

Summary judgment is appropriate when there is no genuine dispute of material fact, such that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). A dispute is genuine if a "reasonable jury could return a verdict for the nonmoving party."  *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020).  And "[a] fact is material if it might affect the outcome of the suit under governing law." *Id.*

The movant bears the burden of showing that there is no genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant carries that burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment."  *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).  If the nonmoving party fails to do so, the Court should grant summary judgment.  In performing this analysis, the Court resolves all ambiguities and draws all inferences in favor of the nonmoving party.  *E.g.*, *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994).

## III. Discussion

Tusk moves for summary judgment on the following grounds: (1) Martinez lacks standing to bring the ADA and NYCHRL

4

claims; (2) Tusk's website is not a "place of public accommodation" under the ADA and has no nexus to a physical business; and (3) the declaratory-judgment claim is redundant.

## A.    Standing — ADA and NYCHRL

Tusk argues that Martinez lacks Article III standing to bring her ADA claim for two reasons: (a) her testimony regarding accessibility barriers is too generic, and thus she has not suffered an injury; and (b) she has not established an intent to return to Tusk's website, and thus an injunction — the only relief available under the ADA claim at issue — would not redress any injury.  To establish standing, a plaintiff must demonstrate "(1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision."  *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013).

Because the ADA provides a private right of action only for injunctive relief, a plaintiff must demonstrate facts to support "a real and immediate threat of *future* injury." *Costin v. Glens Falls Hosp.*, 103 F.4th 946, 952 (2d Cir. 2024) (emphasis added).  "To defend against summary judgment for lack of standing, a plaintiff must set forth by affidavit or other evidence specific facts supporting standing, as is generally

required under Rule 56." *NRDC, Inc. v. FDA*, 710 F.3d 71, 79 (2d Cir. 2013). Here, those facts must be sufficient to permit the finder of fact to (a) conclude that the plaintiff suffered a past injury; (b) reasonably infer that the discriminatory treatment will continue; and, most critically, (c) to "infer, based on the past frequency of the plaintiff's visits and the proximity of defendants' businesses to plaintiffs' home," that plaintiff intends to return to the subject location. *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (citing *Kreisler*, 731 F.3d at 187-88).

In her deposition testimony, Martinez endeavored to speak to a past harm: the inability to purchase the satchel she wanted. Martinez Tr. 22:13-23:6. As the Background section, above, will reflect, her testimony about accessibility barriers was so vague that it is doubtful she can establish even a past injury. Regardless, her effort to establish standing falters at the next step: she has adduced insufficient evidence of her intent to return to Tusk's website for a reasonable jury to conclude in her favor on this point.

In Martinez's Rule 56.1 Counterstatement, she asserts that she "still intends to return to the Website in the future in order to shop for different items." Pl.'s Rule 56.1 Resp. ¶ 22. Citing no record evidence, she claims that this intent is undisputed. *Id.* This mischaracterizes Tusk's

6

position.[4]  Moreover, we do not accept Martinez's 56.1 statement as true, since we are not "satisfied that [Martinez's] assertions are supported by the record."  *Wali v. One Source Co.*, 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (Rule 56.1 statements are not evidence and, when a statement is unsupported by record evidence, a court is "free to disregard the assertion").

In the end, Martinez has adduced virtually no evidence to establish an intent to return.  She conceded that she does not intend to return for the satchel itself.  Martinez Tr. 24:17-21.  She testified that she visited Tusk's website only twice and has not returned since.  *Id.* at 17:11-18:23, 24:14-16; *see generally Melendez v. Raaka Chocolate, Inc.*, No. 23-CV-9532, 2025 WL 2773006, at *5 (E.D.N.Y. Sep. 28, 2025) ("Allegations that a plaintiff visited a defendant's website only twice, without additional factual support, are generally insufficient to establish standing.").  When asked why she had not returned "to see if the technical issues had been resolved," she replied, "I already had gotten [the bag as] a gift [from a friend] so there was no need for me to purchase it."  Martinez Tr. 24:17-21.

---

[4] Def.'s Br. 7-12.

All told, Martinez's argument concerning her intent to return amounts to the type of "naked assertion" that has been held insufficient to establish standing. *Calcano*, 36 F.4th at 75. Even if she were relying on record evidence on this point, and not merely her 56.1 statement, her claim would not survive. Vague statements of intent to return "in the near future," "without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the actual or imminent injury that Article III requires." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443-44 (2d Cir. 2022). Simply put, Martinez does "not say why" she intends to return. *Calcano*, 36 F.4th at 77.[5]

"Plaintiff's NYCHRL claim is governed by the same standing requirements as her ADA claim." *Wahab v. Surya Nature, Inc.*, No. 24-CV-384, 2025 WL 872112, at *5 (S.D.N.Y. Mar. 20, 2025); *see Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 117 n.1 (2d Cir. 2004). Therefore, her NYCHRL claim fails for lack of standing as well.

---

[5] The parties dispute whether there were accessibility barriers. *Compare* Def.'s Rule 56.1 Statement ¶ 13 (citing Martinez Tr. 23:7-24:12), *with* Pl.'s Rule 56.1 Resp. ¶ 13. But given the independent basis for finding that Martinez lacks standing, the dispute about accessibility barriers is insufficient to create a genuine dispute of material fact. *See, e.g.*, *Hong v. Liburd*, No. 18-CV-7201, 2021 WL 1062611, at *4 n.6 (S.D.N.Y. Mar. 18, 2021) ("This Court need not decide this issue, because there is a sufficient independent basis to grant summary judgment . . . .")

Because Martinez has adduced insufficient evidence to establish injury in fact, summary judgment must be granted with respect to the ADA and NYCHRL claims.[6]

## B.   Declaratory Judgment

Tusk moves to dismiss the declaratory-judgment claim because it is redundant.  A "declaratory judgment action cannot be maintained when it parallels the other claims and merely seeks a declaration of the same rights and obligations." *Culwick v. Wood*, 384 F. Supp. 3d 328, 343 (E.D.N.Y. 2019); *Smith v. Metro. Prop. & Liab. Ins. Co.*, 629 F.2d 757, 760 (2d Cir. 1980).  Because the declaratory-judgment action is entirely duplicative of the ADA and NYCHRL claims, *see* Compl. ¶ 87, it is dismissed.

## IV.  Conclusion

For the foregoing reasons, Tusk's motion for summary judgment is granted because Martinez lacks standing to bring her

---

[6] Because standing is dispositive, we decline to reach the merits. *Hollingsworth v. Perry*, 570 U.S. 693, 700-01 (2013).  But even if Martinez had standing, "the text of the ADA's definition of 'public accommodation' clearly refers to physical places, and does not include stand-alone websites" like Tusk.  *Winegard v. Newsday*, 556 F. Supp. 3d 173, 180 (E.D.N.Y. 2021).

ADA and NYCHRL claims.  The Clerk of Court is respectfully directed to enter judgment for Tusk and close the case.


        SO ORDERED.

                                   /s/ Eric Komitee
                                 ERIC KOMITEE
                                 United States District Judge


Dated:     June 19, 2026
            Brooklyn, New York